COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,[*] Judge Elder and
Senior Judge Duff
Argued at Alexandria, Virginia


ANTHONY A. SANCHEZ
                                   MEMORANDUM OPINION[**] BY
v.   Record No. 0195-97-4         JUDGE LARRY G. ELDER
                                     NOVEMBER 25, 1997
MELANIE SANCHEZ

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Donald M. Haddock, Judge

            Anthony A. Sanchez, pro se.

            (Henry Counts, Jr., on brief), for appellee.


     Anthony A. Sanchez (husband) appeals an order of the trial

court awarding attorney fees to Melanie Sanchez (wife) as a

sanction.  He contends that the trial court's sanction was an

abuse of discretion.  For the reasons that follow, we reverse.

                               I.

                             FACTS

     Husband and wife were divorced in Michigan in 1992.  A

Michigan court awarded the parties joint physical and legal

custody of their two children.  The parties now reside in

Virginia, and their relationship regarding the joint custody of

their children has been contentious.  At all times during the

present proceeding, husband represented himself pro se.

---

[*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In December 1995, husband filed a petition to change child custody in the Alexandria Juvenile and Domestic Relations District Court (J&DR court). His petition alleged that wife breached the Michigan custody decree and requested the J&DR court to award him full custody of the parties' children. The J&DR court denied husband's petition. On March 29, 1996, husband appealed to the trial court.

On May 8, the trial court issued a pretrial order regarding the time frame for discovery. The pretrial order stated, among other things, that "lists of exhibits and witnesses shall be exchanged by counsel and the lists filed with the Court 30 days prior to trial." (Emphasis added). The trial date for husband's petition was set for September 6.

On May 16, wife filed her own petition to change child custody with the trial court. Her petition alleged that husband had become "highly emotionally unstable" and requested the trial court to award her full custody of the parties' children.

On August 2, wife filed her list of witnesses with the trial court. Husband did not file a list of witnesses with the trial court prior to trial.

On September 6, the trial court held a hearing on the parties' respective petitions to change child custody. Pursuant to wife's motion, the trial court barred husband from offering testimony from any witnesses because he had violated the pretrial order by failing to file a witness list at least thirty days

before trial. Husband then requested a nonsuit of his petition to change child support and stated that he was prepared to defend against wife's petition. The trial court dismissed husband's petition without prejudice and requested wife to begin her case.

Wife then moved to nonsuit her petition and moved the trial court to award her attorney fees. Wife's counsel stated that he had agreed to charge wife a flat fee of $1,000 for his representation regarding the petitions to change child custody but that he "had expended several thousand dollars in time." Wife's counsel argued that the trial court should sanction husband based on two grounds: (1) husband had required wife's counsel to "attend numerous hearings on this case in addition to the present trial" and (2) husband had required wife's counsel to prepare for the hearing on husband's petition "only to have [husband] nonsuit the action." The trial court nonsuited wife's petition and ordered husband to pay $1,000 in attorney fees to wife's counsel. Apparently in support of its award of attorney fees, the trial court found that husband "had used the judicial process to harass [wife] and run up her counsel fees without justification." The trial court signed an order formalizing its action on November 27.

## II.

### ATTORNEY FEES

Appellant argues that the trial court's sanction was an abuse of discretion. We agree.

Initially, we disagree with husband's contention that the trial court exceeded its authority under Code § 8.01-380 by sanctioning husband for nonsuiting his petition to change child custody.  Although Code § 8.01-380 empowers a trial court to assess attorney fees against a nonsuiting party only after a second or subsequent nonsuit of a cause of action, the trial court's award of sanctions against husband was not based upon husband's nonsuit.  Instead, the record indicates that the trial court sanctioned husband for using "the judicial process to harass [wife] and run up her counsel fees without justification."  Thus, we consider whether the trial court's award on this ground was an abuse of discretion.

Under Code § 8.01-271.1, a trial court has the power to sanction a pro se litigant who files pleadings or motions "for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation."  The sanction ordered by the trial court "may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading [or] motion . . . , including a reasonable attorney's fee."[1]  Code

---

[1]Code § 8.01-271.1 states in relevant part:

> Every party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.
>
> The signature of . . . [a] party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge,

§ 8.01-271.1 has two primary purposes:  (1) to "protect litigants from the mental anguish and expense of frivolous assertions of unfounded factual and legal claims and against the assertions of claims for improper purposes" and (2) "to protect courts against those who would abuse the judicial process."  Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991).  However, the purpose of Code § 8.01-271.1 is not "to stifle counsel in advancing novel legal theories or asserting a client's rights in a doubtful case."  Id.  "In reviewing the trial court's decision [to award sanctions under Code § 8.01-271.1], we apply an abuse-of-discretion standard."  Nedrich v. Jones, 245 Va. 465, 472, 429 S.E.2d 201, 204 (1993) (citing Oxenham, 241 Va. at 287,

---

information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .

* * * * * * *

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

402 S.E.2d at 4).  A trial court's award of sanctions is an abuse of discretion if its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.  See Oxenham, 241 Va. at 287, 402 S.E.2d at 4.

We hold that the trial court abused its discretion when it imposed sanctions upon husband.  Specifically, the record is devoid of evidence supporting the trial court's finding that husband used "the judicial process to harass [wife] and run up her counsel fees without justification."  The record indicates that husband filed five motions in between the filing of his petition to change child custody and the hearing on September 6, only one of which was denied.  First, on May 17, 1996, husband filed a motion to compel wife to pay her share of the childrens' medical expenses in accordance with the Michigan custody decree, which was denied.  Second, on May 31, husband filed a motion for a bill of particulars seeking a more specific explanation of the allegations contained in wife's petition to change child support, which was granted.  Third, on July 2, husband filed a motion to dismiss wife's petition on the ground that she was late in filing her bill of particulars.  Two days before husband's motion was scheduled to be heard, wife's counsel filed the bill of particulars and paid $100 as a sanction.  Fourth, on July 22, husband filed a motion to dismiss wife's petition and a motion in limine on the ground that litigation of many of the allegations contained in wife's bill of particulars was barred by the

doctrine of <u>res</u> <u>judicata</u>.  The trial court granted husband's motion <u>in</u> <u>limine</u> and ordered that all factual allegations that occurred prior to May 1994 be stricken from wife's petition. Fifth, and lastly, on August 23, husband filed a motion to forbid wife from "taking the children to third party custody hearings." A praecipe accompanying the motion requested that a hearing on the motion be scheduled for August 28; however, the record does not indicate whether the trial court ever heard this motion. Based on the evidence regarding the substance of husband's motions and their respective outcomes, we conclude that the trial court was "clearly erroneous" when it found that husband's pre-hearing motions practice was both unjustified and intended as a pretext to inflict anguish and expense upon wife.

For the foregoing reasons, we reverse the trial court's award of attorney fees.

<u>Reversed.</u>